# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KIM VAN PELT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-00671-ECM |
| | ) |
| JOHN Q. HAMM, | ) |
| Commissioner, Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| and | ) |
| | ) |
| TERRY RAYBON, Warden, | ) |
| Holman Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF JENKINS'S COMPLAINT

Steve Marshall
*Alabama Attorney General*

Polly S. Kenny
*Assistant Attorney General*

Lauren A. Simpson*
*Deputy Attorney General*
 *Counsel of Record

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Tel: (334) 242-7300
Lauren.Simpson@AlabamaAG.gov

February 9, 2026

Come now Defendants and, in accordance with this Court's order of February 2, 2026 (DE43), answer Plaintiff Mark Jenkins's Complaint as follows. Any allegation in said complaint not expressly admitted is denied.

## RESPONSE TO INTRODUCTION

1. Paragraph 1 is admitted only to the extent that Jenkins is challenging ADOC's nitrogen hypoxia protocol.

2. Paragraph 2 is admitted only to the extent that Alabama conducted the first nitrogen hypoxia execution in January 2024 and that Jenkins accurately quoted Kim Chandler and Defendants' post-hearing brief in opposition to Kenneth Smith's motion for preliminary injunction.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is admitted only to the extent that Jenkins's complaint was timely filed and that the August 2023 Protocol has been released in redacted form.

6. Paragraph 6 is denied as to Jenkins's as-applied challenge. Defendants lack sufficient information to admit or deny Jenkins's allegations of child abuse and PTSD.

7. Paragraph 7 is admitted only to the extent that Jenkins was statutorily allowed to elect nitrogen hypoxia in June 2018.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

## RESPONSE TO THE PARTIES

10. Paragraph 10 is admitted as to Defendants Hamm and Raybon. The John Doe defendants have been dismissed from this litigation. Jenkins DE28:2.

11. Defendants lack sufficient information to admit or deny Jenkins's allegations in paragraph 11.

12. Defendants lack sufficient information to admit or deny Jenkins's allegations in paragraph 12.

13. Defendants lack sufficient information to admit or deny Jenkins's allegations in paragraph 13. Defendants admit that Jenkins accurately quoted the hearing transcript in *Jenkins v. State*, CC-1989-68.62 (St. Clair Cnty. Cir. Ct. Sept. 25, 2023) and the district court's vacated opinion in *Jenkins v. Allen*, 4:08-cv-00869, 2015 WL 1488899, at *21 (N.D. Ala. Mar. 31, 2015).

14. Defendants lack sufficient information to admit or deny Jenkins's allegations in paragraph 14.

15. Paragraph 15 is admitted.

16. Paragraph 16 is admitted.

17. The John Doe defendants have been dismissed from this litigation. Jenkins DE28:2.

18. Paragraph 18 is generally admitted, though Defendants deny that Jenkins's constitutional rights will be violated when he is executed by nitrogen hypoxia.

## RESPONSE TO JURISDICTION AND VENUE

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

21. Paragraph 21 is admitted.

22. Paragraph 22 is admitted. Defendants deny that Jenkins's claims are meritorious.

23. Paragraph 23 is admitted.

## RESPONSE TO EXHAUSTION OF REMEDIES

24. Paragraph 24 is admitted.

## RESPONSE TO FACTUAL ALLEGATIONS

### I. Alabama Prepares to Execute Prisoners through Nitrogen Hypoxia

25. Paragraph 25 is admitted. Jenkins was convicted and sentenced to death in 1991. At the time, electrocution was Alabama's statutory method of execution. Lethal injection became Alabama's primary method in 2002; Jenkins did not elect to keep electrocution. Nitrogen hypoxia was added in 2018.

26. Paragraph 26 is admitted only to the extent that several lethal injection executions have been cancelled because sufficient IV access could not be obtained.

27. Paragraph 27 is admitted.

28. Paragraph 28 is admitted to the extent that inmates whose convictions and sentences were final prior to the introduction of nitrogen hypoxia in March 2018 were required to make any election by the end of June 2018, and there was no protocol in place at that time.

29. Paragraph 29 is admitted only to the extent that then-Warden Cynthia Stewart caused a copy of the Federal Defenders' nitrogen hypoxia election form to be passed out to all death-row inmates at Holman Correctional Facility in June 2018 after the Federal Defenders' visit. Ms. Stewart could not later recall who had told her to have the forms distributed.

30. Paragraph 30 is admitted.

31. Paragraph 31 is admitted only to the extent that Jenkins timely elected nitrogen hypoxia. Defendants lack sufficient knowledge to admit or deny Jenkins's state of mind at the time.

32. Paragraph 32 is admitted. Jenkins has accurately quoted the Federal Defenders' form, which he signed.

33. Paragraph 33 is admitted only to the extent that ADOC has released a redacted version of the August 2023 Protocol.

**II.     The Brutal Executions by Nitrogen Hypoxia**

34. Paragraph 34 is denied.

35. Paragraph 35 is admitted only to the extent that Jenkins has accurately quoted Kim Chandler, Nicholas Bogel-Burroughs, and Minjee Kim.

36. Paragraph 36 is admitted only to the extent that Jenkins has accurately quoted Kim Chandler. While the American Veterinary Medical Association warns against the use of nitrogen as a euthanasia method in most mammals, response varies among species. Defendants have no knowledge that the American Veterinary Medical Association has opined, or can opine, on the safety of nitrogen hypoxia as a method of human execution.

37. Paragraph 37 is denied.

### A.     The Execution of Kenneth Smith by Nitrogen Hypoxia

38. Paragraph 38 is admitted.

39. Paragraph 39 is admitted only to the extent that Jenkins has accurately quoted Kim Chandler and AL.com.

40. Paragraph 40 is admitted only to the extent that Jenkins has accurately quoted Lee Hedgepeth.

41. Paragraph 41 is admitted only to the extent that Jenkins has accurately quoted Nicholas Bogel-Burroughs.

42. Paragraph 42 is admitted only to the extent that Jenkins has accurately quoted Robert Grass.

6

43. Paragraph 43 is admitted only to the extent that Smith's time of death was called at 8:25 p.m.

### B. The Execution of Alan Miller by Nitrogen Hypoxia

44. Paragraph 44 is generally admitted, though Defendants deny that "the State of Alabama's promises were proven false."

45. Paragraph 45 is admitted only to the extent that Jenkins has accurately quoted Lauren Gill.

46. Paragraph 46 is admitted only to the extent that Miller was pronounced dead at 6:38 p.m.

### C. The Execution of Carey Grayson by Nitrogen Hypoxia

47. Paragraph 47 is admitted.

48. Paragraph 48 is admitted to the extent that Jenkins has accurately quoted Ed Pilkington, Sam Levine, and Asher Redd. Defendants admit that Grayson's legs rose during the execution.

49. Paragraph 49 is admitted only to the extent that Grayson was pronounced dead at 6:33 p.m.

### D. The Execution of Demetrius Frazier by Nitrogen Hypoxia

50. Paragraph 50 is generally admitted, though Defendants disagree with the lay witnesses' interpretation of events and deny that Frazier's execution was "a slow death process involving apparent superadded pain."

51. Paragraph 51 is admitted only to the extent that Jenkins has accurately quoted Sarah Clifton, Bill Britt, and Greta Cross.

52. Paragraph 52 is admitted to the extent that Jenkins has accurately quoted Sarah Clifton. Defendants admit that Frazier's legs rose during the execution.

53. Paragraph 53 is admitted only to the extent that Frazier was pronounced dead at 6:36 p.m.

### E. The Execution of Gregory Hunt by Nitrogen Hypoxia

54. Paragraph 54 is admitted.

55. Paragraph 55 is admitted to the extent that Jenkins has accurately quoted Kim Chandler, Ivana Hrynkiw, Savannah Tyrens-Fernandes, and Alex Gladden. Defendants admit that Hunt's legs rose during the execution.

56. Paragraph 56 is admitted only to the extent that Hunt was pronounced dead at 6:26 p.m.

57. Paragraph 57 is denied.

58. Paragraph 58 is admitted only to the extent that Jenkins has accurately quoted Attorney General Steve Marshall. Defendants deny that nitrogen hypoxia is unconstitutional.

59. Paragraph 59 is denied.

### III. The Redacted Protocol Lacks Safeguards and Will Lead to Jenkins Being Executed in an Unconstitutional Manner

60. Paragraph 60 is denied.

61. Paragraph 61 is generally denied. Defendants admit that the condemned must breathe nitrogen gas.

62. Defendants lack sufficient information to admit or deny the allegations made concerning the mental state of any condemned inmate in paragraph 62.

63. Paragraph 63 is admitted only to the extent that Jenkins has accurately quoted Bickler & Lipnick (2024).

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 is admitted only to the extent that the protocol does not include provisions for PTSD.

68. Paragraph 68 is generally denied. Defendants admit that the protocol does not discuss vomiting within the mask.

69. Paragraph 69 is admitted only to the extent that the protocol does not require a physician to be present to monitor an execution. Defendants note that Jenkins has not identified any physician willing to participate in an execution in such a fashion.

70. Paragraph 70 is denied.

71. Paragraph 71 is generally denied. Defendants lack sufficient information to admit or deny Jenkins's religious beliefs.

72. Paragraph 72 is admitted only to the extent that Jenkins will be masked prior to his last words. Defendants deny that this will burden Jenkins's First Amendment rights.

73. Paragraph 73 is admitted only to the extent that any spiritual advisor must sign an acknowledgement form that discusses potential hazards and mandates that he maintain a proper distance when nitrogen is flowing. Defendants deny that this will burden Jenkins's First Amendment rights.

74. Paragraph 74 is admitted only to the extent that there is no audio connection from the execution chamber to witness viewing rooms aside from the microphone.

75. Paragraph 75 is admitted only to the extent that Jenkins's counsel will not be permitted to be present with him in the execution chamber.

76. Paragraph 76 is denied.

### RESPONSE TO REASONABLE, AVAILABLE ALTERNATIVE METHODS OF EXECUTION

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

78(a). Paragraph 78(a) is denied. Jenkins has not specified what medication he should be administered or in what quantity. If Jenkins makes a medical request to ADOC's inmate healthcare provider, then he may receive drugs that are deemed medically necessary and appropriate.

10

78(b). Paragraph 78(b) is denied. Jenkins has not specified what medication he should be administered or in what quantity, and he has not identified any physician willing to participate in an execution in such a fashion. If Jenkins makes a medical request to ADOC's inmate healthcare provider, then he may receive drugs that are deemed medically necessary and appropriate.

78(c). Paragraph 78(c) is denied. Jenkins has not identified any physician willing to participate in an execution in such a fashion.

78(d). Paragraph 78(d) is denied. Defendants state that Jenkins will be able to communicate with his spiritual advisor while he is masked. Moreover, the protocol calls for a final inspection of the mask prior to the administration of nitrogen, so in the highly unlikely event that Jenkins manages to dislodge a full-face respirator, it can be properly reseated.

78(e). Paragraph 78(e) is denied. Defendants state that Jenkins will be able to have physical contact with his spiritual advisor to the extent approved by the Warden as part of his spiritual advisor plan.

78(f). Paragraph 78(f) is denied. Counsel may witness the execution, if Jenkins so chooses, from the witness room, and to the same extent as any other witness.

78(g). Paragraph 78(g) is denied. Defendants state that the members of the execution team are appropriately trained to carry out their duties.

78(h). Paragraph 78(h) is denied.

79. Paragraph 79 is denied. While Defendants admit that Utah and South Carolina have firing squad protocols, Defendants deny that firing squad is feasible, readily available, and substantially safer than nitrogen hypoxia.

80. Paragraph 80 is admitted only to the extent that Jenkins has accurately quoted Utah's protocol and Josh Friedland.

81. Paragraph 81 is admitted only to the extent that Jenkins has accurately quoted Josh Friedland.

### RESPONSE TO FIRST CAUSE OF ACTION

82. Paragraph 82 is admitted and/or denied as stated in paragraphs 1–81.

83. Paragraph 83 is admitted.

84. Paragraph 84 is admitted to the extent that Jenkins has accurately quoted Supreme Court case law.

85. Paragraph 85 is admitted to the extent that Jenkins has accurately quoted Supreme Court case law.

86. Paragraph 86 is denied.

87. Paragraph 87 is admitted only to the extent that Defendants intend to execute Jenkins by nitrogen hypoxia using the August 2023 Protocol.

88. Paragraph 88 is denied.

89. Paragraph 89 is denied.

## RESPONSE TO SECOND CAUSE OF ACTION

90. Paragraph 90 is admitted and/or denied as stated in paragraphs 1–89.

91. Defendants lack sufficient information to admit or deny Jenkins's allegations in paragraph 91.

92. Paragraph 92 is admitted only to the extent that Jenkins will be strapped to a gurney and have a full-face respirator placed over his face.

93. Defendants lack sufficient information to admit or deny Jenkins's allegations in paragraph 93.

94. Paragraph 94 is denied.

95. Paragraph 95 is denied.

## RESPONSE TO THIRD CAUSE OF ACTION

96–100. Paragraphs 96–100 have been dismissed. Jenkins DE28:2.

## RESPONSE TO FOURTH CAUSE OF ACTION

101. Paragraph 101 is admitted and/or denied as stated in paragraphs 1–100.

102. Paragraph 102 is admitted.

103. Defendants lack sufficient information to admit or deny Jenkins's allegations concerning his religious beliefs in paragraph 103. Defendants deny that having the mask placed over his face will interfere with his free exercise of religion.

104. Paragraph 104 is denied.

105. Paragraph 105 is admitted only to the extent that Jenkins has accurately quoted the spiritual advisor acknowledgement form. Defendants deny that Jenkins's spiritual advisor will be unable to stand beside him "to pray audibly with him and provide him comfort."

106. Paragraph 106 is admitted only to the extent that a spiritual advisor might decline to participate in an execution. Jenkins's allegations are, at this point, pure speculation, as he has yet to identify his desired spiritual advisor.

107. Paragraph 107 is denied.

108. Paragraph 108 is denied.

### RESPONSE TO FIFTH CAUSE OF ACTION

109. Paragraph 109 is admitted and/or denied as stated in paragraphs 1–108.

110. Paragraph 110 is admitted.

111. Defendants lack sufficient information to admit or deny Jenkins's allegations concerning his religious beliefs in paragraph 111. Defendants deny that having the mask placed over his face will interfere with his religious exercise.

112. Paragraph 112 is denied.

113. Paragraph 113 is admitted only to the extent that Jenkins has accurately quoted the spiritual advisor acknowledgement form, and that a spiritual advisor might decline to participate in an execution. Jenkins's allegations are, at this point, pure speculation, as he has yet to identify his desired spiritual advisor.

114. Paragraph 114 is denied.

115. Paragraph 115 is denied.

## RESPONSE TO SIXTH CAUSE OF ACTION

116–120. Paragraphs 116–120 have been dismissed. Jenkins DE28:2.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to relief on any ground alleged in his complaint.

## DEFENSES

A. Plaintiff is not entitled to the relief he seeks.

B. Defendants deny any claim or allegation of Plaintiff's complaint that is not expressly admitted above.

Respectfully submitted on this the 10th day of February 2026.

        STEVE MARSHALL
        ATTORNEY GENERAL OF ALABAMA
        BY—

        ***/s/ Lauren A. Simpson***
        Lauren A. Simpson
        *Deputy Attorney General*

        Polly S. Kenny
        *Assistant Attorney General*
        Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that on February 9, 2026, I served a copy of the foregoing upon counsel for the Plaintiff by filing the same via the Court's CM/ECF system and emailed a copy of the foregoing to **J. Andrew Pratt, Joshua Toll, Kathryn Lehman,** and **Samuel Diamant.**

    Respectfully submitted,

    Steve Marshall
    *Alabama Attorney General*

    **/s/ Lauren A. Simpson**
    Lauren A. Simpson
    *Deputy Attorney General*
    Counsel for Defendants

OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov