# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

KIM VAN PELT, et al.,               )
                                    )
    Plaintiffs,               )
                                    )
v.                                  )  Case No.   2:25-cv-00671-ECM
                                    )
JOHN Q. HAMM,                       )
Commissioner, Alabama               )
Department of Corrections,          )
                                    )
and                                 )
                                    )
TERRY RAYBON, Warden,               )
Holman Correctional Facility,       )
                                    )
    Defendants.               )

===============================================================

## DEFENDANTS' ANSWER TO PLAINTIFF TAYLOR'S COMPLAINT

===============================================================

Steve Marshall
*Alabama Attorney General*

Polly S. Kenny
*Assistant Attorney General*

Lauren A. Simpson*
*Deputy Attorney General*
 *Counsel of Record

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Tel: (334) 242-7300
February 9, 2026          Lauren.Simpson@AlabamaAG.gov

Come now Defendants and, in accordance with this Court's order of February 2, 2026 (DE43), answer Plaintiff Jarrod Taylor's Complaint as follows. Any allegation in said complaint not expressly admitted is denied.

## RESPONSE TO INTRODUCTION

1.      Paragraph 1 is admitted to the extent that Taylor is in ADOC custody under a death sentence, that his jury recommended life without parole, that the Alabama Legislature has since removed jury override from the capital statutes, and that Taylor will be executed via nitrogen hypoxia, as he selected.

2.      Paragraph 2 is generally admitted, though Defendants deny that Taylor is entitled to relief on his claims.

3.      Paragraph 3 is denied.

4.      Paragraph 4 is admitted to the extent that there have been seven nitrogen hypoxia executions in Alabama and that lay witnesses have noted movement of the condemned during the execution.

5.      Paragraph 5 is denied. This cause of action has been dismissed.

6.      Paragraph 6 is denied. This cause of action has been dismissed.

## RESPONSE TO JURISDICTION AND VENUE

7.      Paragraph 7 is admitted.

8.      Paragraph 8 is admitted.

9.      Paragraph 9 is admitted.

**RESPONSE TO PARTIES**

10.    Paragraph 10 is admitted.

11.    Paragraph 11 is admitted. Defendants deny that nitrogen hypoxia is unconstitutional.

12.    Paragraph 12 is admitted. Defendants deny that nitrogen hypoxia is unconstitutional.

13.    Paragraph 13 is admitted.

**RESPONSE TO CASE OR CONTROVERSY**

14.    Paragraph 14 is admitted only to the extent that there is a case or controversy, though Defendants deny that Taylor is entitled to any relief.

**RESPONSE TO EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15.    Paragraph 15 is admitted only to the extent that there is no administrative grievance procedure available to Taylor to challenge the execution protocol.

16.    Paragraph 16 is admitted.

**RESPONSE TO PROCEDURAL HISTORY**

17.    Paragraph 17 is admitted.

18.    Paragraph 18 is admitted.

19.    Paragraph 19 is admitted. Defendants note that at the time of Taylor's trial, penalty-phase jury votes were not binding upon the trial judge, the ultimate sentencer.

3

20.    Paragraph 20 is admitted.

21.    Paragraph 21 is admitted.

22.    Paragraph 22 is admitted.

23.    Paragraph 23 is admitted.

24.    Paragraph 24 is admitted.

25.    Paragraph 25 is admitted.

26.    Paragraph 26 is admitted.

27.    Paragraph 27 is admitted.

28.    Paragraph 28 is admitted. Taylor's successive Rule 32 petition remains pending in the Court of Criminal Appeals.  Since briefing was completed in August 2024, Taylor has filed (and the State has responded to) two notices of supplemental authority, the latest in October 2025.

## RESPONSE TO FACTUAL ALLEGATIONS

29.    Paragraph 29 is admitted.

30.    Paragraph 30 is admitted.

**A.    Alabama's Nitrogen Hypoxia Protocol**

31.    Paragraph 31 is admitted to the extent that the Alabama Legislature made nitrogen hypoxia a statutory method of execution in 2018.

32.    Paragraph 32 is admitted to the extent that inmates whose convictions and sentences were final when Alabama Laws Act 2018-353 was enacted were given

a thirty-day period by statute in which they could elect nitrogen hypoxia as their method of execution, and that period expired on July 1, 2018.

33.     Paragraph 33 is admitted. Defendants further note that as Alabama's lethal injection protocol had last been amended in September 2014 to add midazolam, the two-year period in which Taylor could have challenged it in a 42 U.S.C. § 1983 action had run well before 2018.

34.     Paragraph 34 is admitted only to the extent that in June 2018, Taylor's only options for his method of execution were lethal injection or nitrogen hypoxia; Taylor did not timely elect electrocution, the third statutory method in Alabama.

35.     Paragraph 35 is admitted.

36.     Paragraph 36 is admitted to the extent that ADOC released a redacted version of the August 2023 protocol and provided a copy to all death-row inmates.

37.     Paragraph 37 is denied insofar as Taylor claims to have never been given a copy of the redacted August 2023 protocol. Defendants lack sufficient information to admit or deny Taylor's state of mind in 2018.

38.     Paragraph 38 is admitted.

39.     Paragraph 39 is denied. Section 15-18-82(b) of the Code of Alabama states in relevant part, "It shall be the duty of the Department of Corrections of this state to provide the necessary facilities, instruments, and accommodations to carry out the execution." Defendant Hamm's role is not specified in this section.

40.     Paragraph 40 is admitted.

41.     Paragraph 41 is admitted.

42.     Paragraph 42 is admitted to the extent that the execution of Kenneth Smith was the first execution via nitrogen hypoxia.

43.     Paragraph 43 is admitted.

44.     Paragraph 44 is admitted.

45.     Paragraph 45 is admitted.

46.     Paragraph 46 is admitted.

47.     Paragraph 47 is admitted. Gregory Hunt was executed on June 10, 2025.

48.     Paragraph 48 is admitted. Anthony Boyd was executed on October 23, 2025.

49.     Paragraph 49 is admitted only to the extent that the protocol does not specify the purity of the nitrogen used. Defendants state that the nitrogen used has been certified 99.999% pure by the supplier. Appendix C, Section III of the August 2023 Protocol specifies the minimum acceptable thresholds of gases used in executions.

50.     Paragraph 50 is admitted.

51.    Paragraph 51 is admitted only to the extent that ADOC uses a full-face respirator in nitrogen hypoxia executions and that the respirator was not specifically designed for use in executions.

52.    Paragraph 52 is admitted to the extent that the manufacturer's instructions for the full-face respirator suggest that it be fitted, and the August 2023 Protocol does not provide that the mask be test-fitted to the condemned prior to his execution. Defendants note that the respirator has been successfully used on inmates with a variety of face shapes and sizes, and that the protocol calls for a final check of the respirator.

53.    Paragraph 53 is admitted only to the extent that the protocol does not require a physician to be present to observe an execution, and that Taylor has accurately quoted section V.G of the protocol. Defendants note that Taylor has not identified any physician willing to participate in an execution in such a fashion.

54.    Paragraph 54 is admitted. Taylor has accurately quoted the redacted August 2023 Protocol.

55.    Paragraph 55 is admitted. Taylor has accurately quoted the redacted August 2023 Protocol.

56.    Paragraph 56 is admitted. Taylor has accurately quoted the redacted August 2023 Protocol.

57.    Paragraph 57 is admitted. Taylor has accurately quoted the redacted August 2023 Protocol.

58.    Paragraph 58 is admitted. Taylor has accurately quoted the redacted August 2023 Protocol.

59.    Paragraph 59 is admitted. Taylor has accurately quoted the redacted August 2023 Protocol.

60.    Paragraph 60 is admitted. Taylor has accurately quoted the redacted August 2023 Protocol.

61.    Paragraph 61 is admitted.

62.    Paragraph 62 is denied.

63.    Paragraph 63 is admitted. Taylor has accurately quoted the redacted August 2023 Protocol.

64.    Paragraph 64 is admitted. Taylor has accurately quoted Defendants' post-hearing brief in opposition to Smith's motion for preliminary injunction (DE66) in *Smith v. Hamm*.

65.    Paragraph 65 is admitted only to the extent that lay witnesses have published their observations of nitrogen hypoxia executions.

66.    Paragraph 66 is admitted only to the extent that lay witnesses observed movement during nitrogen hypoxia executions.

67.     Paragraph 67 is admitted only to the extent that the protocol does not describe what to do if an inmate is conscious "within seconds" of the beginning of the flow of nitrogen. Defendants note that over the previous seven executions in Alabama, the inmates rapidly lost consciousness.

68.     Paragraph 68 is admitted only to the extent that the protocol does not discuss vomiting within the mask.

69.     Paragraph 69 is denied as to Defendant Raybon. Defendant Hamm has the authority to make amendments to the execution protocol.

70.     Paragraph 70 is admitted only to the extent that Defendants have not made changes to the protocol. Defendants deny that there was "conscious asphyxiation" during the prior nitrogen hypoxia executions.

**B.     Prior Executions Using Alabama's Nitrogen Hypoxia Protocol**

**1.     The Execution of Kenneth Smith**

71.     Paragraph 71 is admitted only to the extent that Kenneth Smith was scheduled to be executed by lethal injection in November 2022, sufficient IV access could not be established, and the execution was called off.

72.     Paragraph 72 is admitted only to the extent that Smith was then scheduled to be executed by nitrogen hypoxia and that Taylor has accurately quoted Justice Sotomayor.

73.     Paragraph 73 is admitted.

74.     Paragraph 74 is admitted only to the extent that lay witnesses reported seeing movement and "gasping."

75.     Paragraph 75 is admitted only to the extent that Taylor has accurately quoted Marty Roney.

76.     Paragraph 76 is admitted only to the extent that Taylor has accurately quoted Marty Roney.

77.     Paragraph 77 is admitted only to the extent that Taylor has accurately quoted Marty Roney.

78.     Paragraph 78 is admitted only to the extent that Taylor has accurately quoted Marty Roney.

79.     Paragraph 79 is admitted only to the extent that Taylor has accurately quoted Nicholas Bogel-Burroughs.

80.     Paragraph 80 is admitted only to the extent that Taylor has accurately quoted Kim Chandler.

81.     Paragraph 81 is admitted only to the extent that Taylor has accurately quoted Ivana Hrynkiw.

82.     Paragraph 82 is admitted only to the extent that Taylor has accurately quoted Lauren Layton.

83.     Paragraph 83 is admitted only to the extent that Taylor has accurately quoted Lee Hedgepeth.

84.    Paragraph 84 is admitted only to the extent that Taylor has accurately quoted Lee Hedgepeth.

85.    Paragraph 85 is admitted only to the extent that Taylor has accurately quoted Nicholas Bogel-Burroughs.

86.    Paragraph 86 is admitted only to the extent that Taylor has accurately quoted Nicholas Bogel-Burroughs.

87.    Paragraph 87 is admitted only to the extent that Taylor has accurately quoted Nicholas Bogel-Burroughs.

88.    Paragraph 88 is admitted only to the extent that Taylor has accurately quoted Robert Grass.

89.    Paragraph 89 is admitted to the extent that Taylor has accurately quoted media (and attorney) lay witness reports of Smith's execution.

90.    Paragraph 90 is admitted only to the extent that Taylor has accurately quoted Kerry Breen's quotation of Attorney General Steve Marshall. Attorney General Marshall is not a defendant in this action. Defendants deny that Smith's execution caused any superadded pain.

91.    Paragraph 91 is denied. Smith's autopsy showed evidence of "pulmonary congestion and edema," not negative pressure pulmonary edema.

92.    Paragraph 92 is admitted.

93.    Paragraph 93 is denied.

### 2.    The Execution of Alan Miller

94.    Paragraph 94 is admitted only to the extent that Alan Miller was scheduled to be executed by lethal injection in September 2022, sufficient IV access could not be established, the execution was called off, and Miller was then scheduled to be executed by nitrogen hypoxia in September 2024.

95.    Paragraph 95 is admitted only to the extent that Taylor has accurately quoted lay media witness reports of Miller's execution.

96.    Paragraph 96 is admitted only to the extent that Taylor has accurately quoted Gladys Bautista.

97.    Paragraph 97 is admitted only to the extent that Taylor has accurately quoted Marty Roney.

98.    Paragraph 98 is admitted only to the extent that Taylor has accurately quoted Lauren Gill.

99.    Paragraph 99 is admitted only to the extent that Taylor has accurately quoted Lauren Gill.

100.    Paragraph 100 is admitted only to the extent that Taylor has accurately quoted Ivana Hrynkiw.

101.    Paragraph 101 is admitted only to the extent that Taylor has accurately quoted EJI's post-execution press release.

102.   Paragraph 102 is admitted only to the extent that Taylor has accurately quoted Lauren Gill.

103.   Paragraph 103 is admitted to the extent that Taylor has accurately quoted lay witness reports of Miller's execution.

### 3.    The Execution of Carey Grayson

104.   Paragraph 104 is admitted only to the extent that Carey Grayson was executed by nitrogen hypoxia in November 2024.

105.   Paragraph 105 is admitted only to the extent that Taylor has accurately quoted Kim Chandler.

106.   Paragraph 106 is admitted only to the extent that Taylor has accurately quoted Marty Roney.

107.   Paragraph 107 is admitted only to the extent that Taylor has accurately quoted Kent Faulk.

108.   Paragraph 108 is admitted to the extent that Taylor has accurately quoted lay witness reports of Grayson's execution.

### 4.    The Execution of Demetrius Frazier

109.   Paragraph 109 is admitted only to the extent that Demetrius Frazier was executed by nitrogen hypoxia in February 2025.

110.   Paragraph 110 is admitted only to the extent that Taylor has accurately quoted Ivana Hrynkiw.

111.   Paragraph 111 is admitted only to the extent that Taylor has accurately quoted Sarah Clifton.

112.   Paragraph 112 is admitted only to the extent that Taylor has accurately quoted Kim Chandler.

113.   Paragraph 113 is admitted to the extent that Taylor has accurately quoted lay witness reports of Frazier's execution.

### 5.     The Execution of Gregory Hunt

114.   Paragraph 114 is admitted only to the extent that Gregory Hunt was executed by nitrogen hypoxia in June 2025.

115.   Paragraph 115 is admitted only to the extent that Taylor has accurately quoted Kim Chandler.

116.   Paragraph 116 is admitted only to the extent that Taylor has accurately quoted Alex Gladden.

117.   Paragraph 117 is admitted only to the extent that Taylor has accurately quoted Ivana Hrynkiw and Savannah Tryens-Fernandes.

118.   Paragraph 118 is admitted to the extent that Taylor has accurately quoted lay witness reports of Hunt's execution.

## C.     Louisiana's Execution of Jesse Hoffman, Jr. By Nitrogen Gas Asphyxiation

119.   Paragraph 119 is admitted only to the extent that Louisiana executed Jesse Hoffman, Jr., by nitrogen hypoxia in March 2025.

120.    Paragraph 120 is admitted only to the extent that Taylor has accurately quoted John Simerman.

121.    Paragraph 121 is admitted only to the extent that Taylor has accurately quoted Andrew Greenstein.

122.    Paragraph 122 is admitted to the extent that Taylor has accurately quoted lay witness reports of Hoffman's execution.

### D.    Alabama's Nitrogen Hypoxia Protocol Inflicts Cruel and Unusual Punishment and Results in Superadded Pain During Executions

123.    Paragraph 123 is admitted only to the extent that Taylor has accurately quoted Defendant Hamm. Defendants deny the claim of "grotesque writhing movements" in prior hypoxia executions.

124.    Paragraph 124 is admitted only to the extent that Taylor has accurately quoted Bickler & Lipnick (2024).

125.    Paragraph 125 is admitted only to the extent that Taylor has accurately quoted Bickler & Lipnick (2024).

126.    Paragraph 126 is admitted only to the extent that Taylor has accurately quoted Michelle Watson and Jason Hanna.

127.    Paragraph 127 is admitted only to the extent that Taylor has accurately quoted Bailey et al. (2025). Defendants note that the authors of the Bailey et al. article stated, "[W]e vehemently oppose the death penalty, given that it is

inconsistent with the fundamental right to life, and support the UN human rights office opposition to $N_2$ anoxia as a method of execution."

128.   Paragraph 128 is admitted only to the extent that individuals exposed to certain hypoxic conditions may experience nausea. *See, e.g.*, *Hazards of Nitrogen Asphyxiation*, SAFETY BULLETIN (U.S. Chem. Safety & Hazard Inv. Bd., Wash., D.C.), June 2003, at 3. Defendants assert that nausea and other nonlethal side effects of hypoxia are unlikely if the condemned is quickly exposed to a fatally low-oxygen environment.

129.   Paragraph 129 is admitted.

130.   Paragraph 130 is admitted only to the extent that Taylor has accurately quoted Bailey et al. (2025).

131.   Paragraph 131 is admitted only to the extent that Taylor has accurately quoted Ralph Chapoco.

132.   Paragraph 132 is admitted only to the extent that Taylor has accurately quoted Bailey et al. (2025).

133.   Paragraph 133 is admitted only to the extent that Taylor has accurately quoted Dr. Bickler's testimony in *Hoffman v. Westcott*.

134.   Paragraph 134 is admitted only to the extent that Taylor has accurately quoted the United Nations' publications.

135.    Paragraph 135 is admitted only to the extent that Taylor has accurately quoted Bickler & Lipnick (2024) and Bailey et al. (2025). While the American Veterinary Medical Association warns against the use of nitrogen as a euthanasia method in most mammals, response varies among species. Defendants have no knowledge that the American Veterinary Medical Association has opined, or can opine, on the safety of nitrogen hypoxia as a method of human execution.

136.    Paragraph 136 is admitted only to the extent that Taylor has accurately quoted Lauren Gill.

137.    Paragraph 137 is denied.

138.    Paragraph 138 is admitted to the extent that Defendants have not altered the nitrogen hypoxia protocol.

139.    Paragraph 139 is denied. The *Baze* plurality opinion states in relevant part, "It is uncontested that, failing a proper dose of sodium thiopental that would render the prisoner unconscious, there is a substantial, constitutionally unacceptable risk of suffocation from the administration of pancuronium bromide and pain from the injection of potassium chloride." *Baze v. Rees*, 553 U.S. 35, 53 (2008).

140.    Paragraph 140 is denied.

141.    Paragraph 141 is denied.

142.    Paragraph 142 is denied.

143.    Paragraph 143 is denied.

17

**E.    Mr. Taylor's Proposed Alternative Methods of Execution**

144.    Paragraph 144 is admitted.

145.    Paragraph 145 is denied.

**1.    Alternative Method One: Alternative Nitrogen Gas Asphyx-iation Protocol**

146.    Paragraph 146 is denied. Defendants note that Taylor has not identified any physician willing to participate in an execution in such a fashion.

147.    Paragraph 147 is denied.

148.    Paragraph 148 is denied.

149.    Paragraph 149 is denied.

150.    Paragraph 150 is denied.

151.    Paragraph 151 is denied.

152.    Paragraph 152 is denied. Defendants note that Taylor does not specify the dose of midazolam to be administered under his proposed protocol.

153.    Paragraph 153 is admitted.

154.    Paragraph 154 is denied.

155.    Paragraph 155 is denied.

156.    Paragraph 156 is denied.

157.    Paragraph 157 is denied.

158.    Paragraph 158 is denied.

159.    Paragraph 159 is denied.

### 2. Alternative Method Two: Medical-Aid-In-Dying Method Through Oral Dose of Secobarbital or DDMP II Drug Cocktail

160. Paragraph 160 is denied.

161. Paragraph 161 is denied.

162. Paragraph 162 is denied.

163. Paragraph 163 is denied.

164. Paragraph 164 is denied.

165. Paragraph 165 is denied.

166. Paragraph 166 is admitted. However, the availability of a drug in pharmacies for medical purposes does not establish its availability to ADOC for use in executions.

167. Paragraph 167 is admitted. However, the availability of a drug in pharmacies for medical purposes does not establish its availability to ADOC for use in executions.

168. Paragraph 168 is admitted. However, the availability of a drug in pharmacies for medical purposes does not establish its availability to ADOC for use in executions.

169. Paragraph 169 is admitted. However, the availability of a drug in pharmacies for medical purposes does not establish its availability to ADOC for use in executions.

170.   Paragraph 170 is admitted. However, the availability of a drug in pharmacies for medical purposes does not establish its availability to ADOC for use in executions.

171.   Paragraph 171 is denied.

172.   Paragraph 172 is denied.

173.   Paragraph 173 is admitted only to the extent that Taylor accurately quoted Dr. Blanke's affidavit in *Hamm v. Dunn*.

174.   Paragraph 174 is admitted only to the extent that Taylor accurately quoted the district court's opinion in *Hamm v. Dunn*, 302 F. Supp. 3d 1287, 1300 (N.D. Ala. 2018). Defendants note that more recently, this Court rejected Anthony Boyd's motion for preliminary injunction, including his proposed alternative of MAID. *Boyd v. Hamm*, 2:25-cv-00529, 2025 WL 2884410, at *22–23 (N.D. Ala. Oct. 9, 2025).

## RESPONSE TO FIRST CAUSE OF ACTION

175.   Paragraph 175 is admitted and/or denied as stated in paragraphs 1–174.

176.   Paragraph 176 is admitted.

177.   Paragraph 177 is admitted.

178.   Paragraph 178 is admitted to the extent that Taylor has accurately quoted Supreme Court case law.

179.    Paragraph 179 is admitted to the extent that Taylor has accurately quoted Supreme Court case law.

180.    Paragraph 180 is admitted to the extent that Taylor has accurately quoted Supreme Court case law.

181.    Paragraph 181 is admitted to the extent that Taylor has accurately quoted Supreme Court case law.

182.    Paragraph 182 is admitted to the extent that Taylor has accurately quoted Supreme Court case law.

183.    Paragraph 183 is denied. The *Baze* plurality opinion states in relevant part, "It is uncontested that, failing a proper dose of sodium thiopental that would render the prisoner unconscious, there is a substantial, constitutionally unacceptable risk of suffocation from the administration of pancuronium bromide and pain from the injection of potassium chloride." *Baze v. Rees*, 553 U.S. 35, 53 (2008). Defendants admit that Brooks has accurately quoted the Eleventh Circuit's opinion in *Grayson v. Commissioner, Alabama Department of Corrections*, 121 F.4th 894, 898 (11th Cir. 2024), but note that that court held that the district court did not abuse its discretion in denying a preliminary injunction to Carey Grayson, who was then executed by nitrogen hypoxia.

184.    Paragraph 184 is admitted only to the extent that Taylor has accurately quoted John F. Stinneford (2008).

185.   Paragraph 185 is denied.

186.   Paragraph 186 is denied.

187.   Paragraph 187 is denied.

188.   Paragraph 188 is admitted.

189.   Paragraph 189 is admitted only to the extent that the protocol does not discuss vomiting within the mask.

190.   Paragraph 190 is denied. The protocol (section X.A.xv) directs that the condemned will be administered nitrogen for "(1) fifteen minutes or (2) five minutes following a flatline indication on the EKG, whichever is longer." In other words, the condemned will be administered nitrogen until he dies.

191.   Paragraph 191 is denied. Moreover, the condemned will be administered nitrogen until he dies.

192.   Paragraph 192 is denied. Moreover, the condemned will be administered nitrogen until he dies.

193.   Paragraph 193 is denied. The full-face respirator will be securely fitted to Taylor's face, just as it has been for the previous seven nitrogen hypoxia executions in Alabama.

194.   Paragraph 194 is admitted only in the purest theoretical sense. Defendants deny that the full-face respirator used in Alabama will not fit Taylor properly.

Defendants deny that any inmate executed with Alabama's full-face respirator has suffered from oxygen leakage.

195.   Paragraph 195 is admitted only to the extent that the protocol does not specifically address residual oxygen in the tubing. Defendants state that any residual oxygen is flushed from the tubing within seconds of the transition from breathing air to nitrogen gas.

196.   Paragraph 196 is denied.

197.   Paragraph 197 is denied.

198.   Paragraph 198 is denied. Further, there have now been eight nitrogen hypoxia executions since January 2024.

199.   Paragraph 199 is denied.

## RESPONSE TO SECOND CAUSE OF ACTION

200–205.    Paragraphs 200–205 have been dismissed. Taylor DE31:2.

## RESPONSE TO THIRD CAUSE OF ACTION

206–216.    Paragraphs 206–216 have been dismissed. *Id.*

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to relief on any ground alleged in his complaint.

## DEFENSES

A.    Plaintiff is not entitled to the relief he seeks.

23

B.      Defendants deny any claim or allegation of Plaintiff's complaint that is not expressly admitted above.

Respectfully submitted on this the 10th day of February 2026.

STEVE MARSHALL
ATTORNEY GENERAL OF ALABAMA
BY—

**_/s/ Lauren A. Simpson_**
Lauren A. Simpson
*Deputy Attorney General*

Polly S. Kenny
*Assistant Attorney General*
Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 9, 2026, I served a copy of the foregoing upon counsel for the Plaintiff by filing the same via the Court's CM/ECF system and emailed a copy of the foregoing to **Andrew J. Ehrlich, Justin D. Lerer, Kyle T. Sieber,** and **Natalie A. Reynolds.**

Respectfully submitted,

Steve Marshall
*Alabama Attorney General*

*/s/ **Lauren A. Simpson***
Lauren A. Simpson
*Deputy Attorney General*
Counsel for Defendants

OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov