# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KIM VAN PELT,<br>RICK BELISLE,<br>JIMMY BROOKS, JR.,<br>LARRY GEORGE,<br>MARK JENKINS,<br>MARCUS WILLIAMS,<br>JARROD TAYLOR,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HAMM, Commissioner,<br>Alabama Department of Corrections, *et al.*,<br><br>    Defendants. | Case No. 2:25-cv-00671-ECM (LEAD)<br>Case No. 2:25-cv-00673-ECM<br>Case No. 2:25-cv-00674-ECM<br>Case No. 2:25-cv-00675-ECM<br>Case No. 2:25-cv-00676-ECM<br>Case No. 2:25-cv-00677 ECM<br>Case No. 2:25-cv-00678 ECM<br><br>CAPITAL CASES |

## JOINT MOTION TO CONSOLIDATE

Pursuant to the Court's Orders entered on January 15, 2026 and February 18, 2026, the above-referenced actions brought by Plaintiffs Kim Van Pelt, Rick Belisle, Jimmy Brooks, Jr., Larry George, Mark Jenkins, Marcus Williams, and Jarrod Taylor (together, the "Consolidated Cases") have been consolidated for the limited purposes of case management and the administration of discovery. Consolidated Cases, Docs. 36, 55. The Consolidated Cases each challenge the State of Alabama's method of execution by nitrogen hypoxia and claim that this method violates the Eighth Amendment.

The Consolidated Cases are proceeding under the same schedule as a separate case brought by Plaintiff David P. Wilson (2:24-cv-00111-ECM),[1] which also challenges the State of Alabama's method of execution by nitrogen hypoxia as violative of the Eighth Amendment. All of these cases are set for bench trial during the term of court commencing on **June 28, 2027** with the same deadlines for discovery, dispositive motions, and pretrial matters under the Court's Uniform Scheduling Orders entered in the respective actions. *See Wilson*, Doc. 75; Consolidated Cases, Doc. 47.

Plaintiffs in the Consolidated Cases, Plaintiff David P. Wilson, and Defendants in these actions (collectively, the "Parties") now respectfully move under Federal Rule of Civil Procedure 42(a) to consolidate these Consolidated Cases with *Wilson* for the limited purposes of case management and the administration of discovery only. The Parties agree that it is appropriate to consolidate the *Wilson* action with these actions under one docket for case management and discovery purposes because of the similarity among the claims raised and because all actions are presently on the same schedule to trial. There will be substantial efficiencies for the Court and all Parties in having these eight matters consolidated for discovery and case management purposes, which will avoid redundant motion practice and hearings and promote judicial economy.

---

[1] The *Wilson* docket is hereinafter cited as "*Wilson*, Doc. __."

Under Federal Rule of Civil Procedure 42(a)(2), a district court may consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation and citation omitted). The Eleventh Circuit has urged district courts "to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

Consolidation for case management and discovery purposes is warranted here. All eight plaintiffs have elected nitrogen hypoxia as their method of execution. Alabama Department of Corrections Commissioner John Hamm is named as a defendant in all of these actions. All eight complaints argue that the nitrogen hypoxia protocol is violative of the Eighth Amendment's prohibition on cruel and unusual punishment. Consolidation of all eight actions for case management and discovery purposes is appropriate because "there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." *Eghnayem*, 873 F.3d at 1314 (11th Cir. 2017) (quoting *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016)).

3

The Parties previously submitted separate Rule 26(f) Reports in the *Wilson* case (*Wilson*, Doc. 69) and the Consolidated Cases (Consolidated Cases, Doc. 46), and fact discovery has commenced in all matters. The Parties have met and conferred and agree to the following regarding the number of depositions and interrogatories in the event that the *Wilson* case is consolidated with the Consolidated Cases:

**Depositions**: The Parties agree to a maximum of 25 depositions by Plaintiffs across all of these cases and a maximum of 25 depositions by Defendants without seeking further leave of the Court, pursuant to Federal Rule 30(a). This agreed limit does not apply to any subpoena to a third party under Federal Rule 45 or to the deposition of any organization under Federal Rule 30(b)(6) or of an expert under Federal Rule 26(b)(4)(A). The Parties will endeavor to take each deposition within the seven-hour limit of Federal Rule 30(d)(1), for use in all cases, but may seek a stipulation or court order as provided by that rule if more time is needed for any individual witness. The Parties will meet and confer about the time limit for the deposition testimony of any individual who is testifying as both a corporate representative under Rule 30(b)(6) and in his or her individual capacity. To avoid duplicative depositions of any individual witness, all depositions may be used in each of these cases.

**Interrogatories**: Plaintiffs in the Consolidated Cases may adopt any of the interrogatories already served by Plaintiff Wilson, either as one of their maximum

25 common interrogatories or as one of their maximum 7 additional interrogatories served by each respective individual Plaintiff (absent seeking leave from the Court). All interrogatories served to date by Plaintiff Wilson will count only towards the 25 interrogatory limit in Mr. Wilson's case, and will not count towards any limit in the Consolidated Cases, unless and until the same interrogatory is served in the Consolidated Cases. Mr. Wilson will be allowed his remaining interrogatories (up to 25).

Upon consolidation, the Parties will file proposed amended stipulated protective orders that add Mr. Wilson's counsel to the protective orders in the Consolidated Cases and the separate action brought by Jeffery Lee (2:25-cv-680-ECM), and vice versa.

Except as noted above, the agreements set forth in the Parties' respective prior Rule 26(f) Reports (*Wilson*, Doc. 69; Consolidated Cases, Doc. 46) still apply.

Respectfully submitted,

For Plaintiffs:

/s/ *Samuel R. Diamant*

Angelique A. Ciliberti (ASB: 1504T44C)
Paige H. Sharpe (*pro hac vice*)
Anna K. Thompson (*pro hac vice*)
Kevin A. Cline (*pro hac vice*)
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave. NW

For Defendants:

/s/ *Polly S. Kenny*

Polly S. Kenny
Lauren A. Simpson
**Office of the Attorney General**
501 Washington Avenue
Montgomery, Alabama 36130
polly.kenny@Alabamaag.gov
lauren.simpson@Alabamaag.gov

Washington, DC 20001                    (334) 242-7300
(202) 942-5000
angelique.ciliberti@arnoldporter.com
paige.sharpe@arnoldporter.com
anna.thompson@arnoldporter.com
kevin.cline@arnoldporter.com

*Attorneys for Plaintiffs Kim Van Pelt,*
*Rick Belisle, Jimmy Brooks, Jr., Larry*
*George, and Marcus Williams*

Andrew J. Ehrlich (*pro hac vice*)
Justin D. Lerer (*pro hac vice*)
Kyle T. Sieber (*pro hac vice*)
Matthew D. Kaminer (*pro hac vice*)
**Paul, Weiss, Rifkind, Wharton &**
**Garrison LLP**
1285 Avenue of the Americas,
New York, NY 10019
(212) 373-3000
aehrlich@paulweiss.com
jlerer@paulweiss.com
ksieber@paulweiss.com
mkaminer@paulweiss.com

*Attorneys for Plaintiff Jarrod Taylor*

J. Andrew Pratt (ASB-3507-J)
Joshua Toll (*pro hac vice*)
Kathryn Lehman (*pro hac vice*)
Samuel R. Diamant (*pro hac vice*)
**King & Spalding LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
(404) 572-4600
apratt@kslaw.com
jtoll@kslaw.com
klehman@kslaw.com
sdiamant@kslaw.com

*Attorneys for Plaintiff Mark Jenkins*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12th, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Samuel R. Diamant*
Samuel R. Diamant
*Counsel for Plaintiff Mark Jenkins*